Darrell Dwayne MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–00325–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 16, 1992.

Larry E. Thomas, Missouri City, for appellant.

Jack R. Stern, Dist. Atty., Richmond, for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a conviction for the felony offense of possession of a controlled substance. The appellant, Darrell Dwayne Martin entered a plea of guilty and stipulated to the evidence at punishment. The trial court found the appellant guilty and assessed punishment at 25–years confinement.

The appellant's court-appointed counsel filed a brief in which he has stated his opinion that the appeal is wholly frivolous and without merit. The brief meets the minimum requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record and stating why there are no arguable grounds of error on appeal. *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App.1969); *see also Currie v. State*, 516 S.W.2d 684 (Tex.Crim. App.1974); *Jackson v. State*, 485 S.W.2d 553 (Tex.Crim.App.1972).

A copy of counsel's brief was delivered to the appellant, and the appellant was advised he had a right to file a pro se brief. More than thirty days have expired since the appellant was given such notice and he has not filed a pro se brief.

An *Anders* brief must refer to anything in the record that might arguably support the appeal and make references to the record and legal authorities to assist both the trial and the appellate court to determine that an appeal would be frivolous. *High v. State*, 573 S.W.2d 807, 811

(Tex.Crim.App.1978). This standard refers to both contested cases and those resolved by negotiated pleas of guilty. *Id.* at 813. As the Court of Criminal Appeals said in *High:*

> We now hold that *in contested cases* where "frivolous appeal" briefs are filed by court-appointed counsel that trial court should not accept and this court will not accept such briefs unless they discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court.

*Id.* (emphasis added). When a case is resolved by a guilty plea and the defendant files no statement of facts, the attorney who files an *Anders* brief is not able to follow the procedure outlined in *High* regarding references to the record, the objections, and the judicial rulings. In such a case, the *Anders* brief will be limited to those matters that may be preserved when a guilty plea is entered and the record filed in those cases.

Following a negotiated plea of guilty, the only matters that a defendant may appeal are:

> (1) jurisdictional errors;
> (2) the trial court's ruling on the defendant's written pretrial motions;
> (3) specific matters for which the defendant secured the trial court's permission to appeal; and
> (4) errors that occur after the entry of the plea of guilty.

*Schmidt v. State,* 778 S.W.2d 549, 550 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd); TEX.R.APP.P. 40(b)(1). All other non-jurisdictional defects that transpire before the plea of guilty are waived by the entry of the guilty plea and the defendant's judicial confession of the crime. *See Morgan v. State,* 688 S.W.2d 504, 507 (Tex. Crim.App.1985).

We have reviewed the record, the brief filed by appellant's appointed counsel, and the brief of the State. We could not find any jurisdictional defects in the record. The appellant filed two pretrial motions, but neither motion was ruled on by the trial court. The appellant did not seek special permission to raise any issues on appeal. We could not find any post-plea record or motions.

We hold the appeal is wholly frivolous and without merit and affirm the judgment.