Andrew Thomas **SCHRODER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–92–01887–CR.

Court of Appeals of Texas, Dallas.

Dec. 5, 1994.

---

3. Justice Powers dissenting at 629–635.

John D. Nation, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before LAGARDE, ROSENBERG and WHITTINGTON, JJ.

PER CURIAM.

Andrew Thomas Schroder appeals his conviction for injury to a child fourteen years of age or younger. After entering into a plea-bargain agreement with the State, appellant pleaded nolo contendere to the offense charged. The trial court placed appellant on ten years' deferred-adjudication probation and imposed a fine of $500. Approximately eight months later, the State moved to proceed with an adjudication of guilt on the underlying charge. Appellant pleaded true to the allegations in the State's amended motion to proceed, and the trial court assessed appellant's punishment at fifty years' confinement.

Appellant's attorney filed a brief in which he concludes that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant he had a right to file a pro se brief. Although appellant initially indicated he wanted to file a pro se brief, he has not, to date, filed any brief with the Court. This Court notified appellant by letter dated October 3, 1994 that the appeal would be decided without a pro se brief if no motion to extend time to file the brief was received within thirty days of the letter. Appellant did not file a motion to extend.

Although the brief filed by appellant's attorney describes this case as an "attempted appeal from the trial court's decision to proceed to adjudication of guilt" which is prohibited by the express language of article 42.12, section 5(b), *see* TEX.CODE CRIM.PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1994), we are not required to dismiss this appeal based solely on counsel's characterization of the case. The Supreme Court's decision in *Anders* places the burden on this Court, as the reviewing court, to undertake a full examination of the trial court proceedings and decide whether the case is in fact wholly frivolous and without merit. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. This burden requires us to look beyond those matters outlined in counsel's brief. Thus, while it is true appellant could not appeal from the trial court's decision to proceed with an adjudication of guilt, appellant could have appealed other facets of the trial court proceeding; *i.e.*, assessment of punishment or voluntariness of his original plea. *See* TEX.CODE CRIM. PROC.ANN. art. 42.12, § 5(b) (Vernon Supp. 1994) (recognizing that after adjudication of

guilt, defendant's appeal may continue as if adjudication of guilt had not been deferred); *see also Edwards v. State*, 835 S.W.2d 660, 663 (Tex.App.—Dallas 1992, no pet.). Because appellant could properly have appealed certain issues surrounding his ultimate conviction in this case, we conclude that an independent analysis by this Court is proper despite counsel's characterization of the case as an improper appeal under article 42.12, section 5(b).

We have reviewed the record and counsel's brief. Based on our review, we agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

We affirm the trial court's judgment.