**Dickie Bruce WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–97–090–CR.**

Court of Appeals of Texas,
Waco.

Nov. 12, 1997.

Jeanine Howard, Dallas, for appellant.

John C. Vance, Criminal District Attorney, Sue Korioth, Asst. Criminal District Attorney, Dallas, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

### ORDER

PER CURIAM.

Counsel for Appellant Dickie Bruce Wilson has filed a motion to withdraw from representation of Wilson and a supporting *Anders* brief. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

Three years ago, we set out our understanding of the procedures which the bench and bar should follow when confronted with an apparently frivolous appeal. *Johnson v. State*, 885 S.W.2d 641 (Tex.App.—Waco 1994, pet. ref'd). However, we sense that some confusion continues to exist concerning the role of the appellate court when presented with an *Anders* brief and the appropriate procedures to be followed in the filing of a *pro se* response once counsel has concluded that the appeal is frivolous. Thus, in considering the motion before us, we write to further refine and clarify our understanding of the appropriate procedures the bench and the bar should follow in these cases.

In *Johnson*, we held that to comply with the requirements of *Anders*, counsel must diligently review the record and applicable law to identify any arguable grounds for appeal. *Id.* at 645. Upon concluding that the appeal is frivolous, counsel must file a motion to withdraw from the representation. *Id.* Counsel's motion must be accompanied by two exhibits: (1) a brief in support of the motion; and (2) some type of documentary evidence reflecting that counsel has fully informed the client of his appellate rights. *Id.* at 646. The requirements for these supporting exhibits are fully explained in *Johnson*. *See id.* at 646–47. Thus, we shall not repeat them here.

Inconsistencies exist among the courts on the issues of when the appellate court should "decide" the appeal and the procedures the appellant should follow when filing a *pro se* response "to raise any points that he chooses." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400 (quoted by *Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App.1991)).

### THE APPROPRIATE TIME FOR DECIDING THE APPEAL

In *Anders*, the Supreme Court prescribed the following procedure:

A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request

to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders*, 386 U.S. at 744, 87 S.Ct. at 1400.

The Court of Criminal Appeals has told us that regardless of whether we agree with counsel's conclusion that the appeal is frivolous, we must grant the motion to withdraw if counsel has otherwise complied with the *Anders* requirements. *See Stafford*, 813 S.W.2d at 511. Thus, we might be tempted to immediately grant the motion upon receipt if the motion is accompanied by a satisfactory *Anders* brief and the other required evidence.

■ However, the Supreme Court has unequivocally established the appropriate procedure to follow when ruling on the motion to withdraw. In *McCoy v. Court of Appeals*, the Court explained:

> To satisfy federal constitutional concerns, an appellate court faces two interrelated tasks as it rules on counsel's motion to withdraw. First, it must satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. Second, it must determine whether counsel has correctly concluded that the appeal is frivolous.

486 U.S. 429, 442, 108 S.Ct. 1895, 1903–04, 100 L.Ed.2d 440 (1988). Ten months later, the Court reversed an Ohio decision in which the appellate court had granted the motion to withdraw prior to reviewing the record and determining for itself "whether counsel's evaluation of the case was sound." *Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988). Thus, we cannot rule on the motion until we have decided whether the appeal is frivolous.

■ In *Johnson*, we prescribed a procedure in which we permit the client an opportunity to file a *pro se* response and "the appeal continues under the usual appellate schedule," after we have already decided that the appeal is frivolous. *Johnson*, 885 S.W.2d at 647 & n. 3. Other courts have at least nominally followed this procedure. *See, e.g., Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).[1] The *Johnson* procedure suggests that we first rule on whether the appeal is frivolous. Then, after having decided that the appeal is frivolous,[2] we permit the client to represent himself and prosecute an appeal which we have already doomed to failure by concluding that the trial court committed no errors or that any errors committed did not harm the appellant. *Cf. Mays*, 904 S.W.2d at 923 ("Presumably, a court of appeals that determined an appeal was wholly frivolous could change its mind after a *pro se* brief was filed and, at that time, abate the appeal for the appointment of a new attorney to handle the nonfrivolous appeal.").

■ Accordingly, when the court receives a motion to withdraw supported by a brief and other documentation which satisfy the requirements of *Anders*, we will advise the accused that he has thirty days in which to file a *pro se* response or a motion requesting an extension of time in which to file the

---

**1.** In *Mays*, the court recited the procedure we enunciated in *Johnson*. However, the court's opinion reveals that upon receiving counsel's *Anders* brief (and before deciding whether the appeal was frivolous), the court gave the client an opportunity to file a *pro se* response. *Mays v. State*, 904 S.W.2d 920, 924 (Tex.App.—Fort Worth 1995, no pet.). After the time for filing the *pro se* response had passed without an acknowledgment from the client, the court proceeded to address the potential sources of error identified in the *Anders* brief. *Id.* The court considered each of the potential sources of error and overruled them. *Id.* at 924–26. The court

concluded its opinion by observing that after its own review of the record it found "no error which might arguably support an appeal or require reversal." *Id.* at 926–27. Accordingly, the court granted counsel's motion to withdraw and affirmed the conviction. *Id.* at 927.

**2.** An appeal is "frivolous" when "the trial court's ruling[s were] correct" or "the appellant was not harmed by the ruling[s]." *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978).

response.[3] Only after the *pro se* response has been received or after the accused has had a reasonable opportunity in which to file the response without doing so, should the court proceed to address the merits of the appeal (*i.e.*, whether the appeal is frivolous). *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510.

The additional question remains, however, what form the appellant's *pro se* response should take.

## THE *PRO SE* RESPONSE

Traditionally, this Court and others have required an indigent defendant to file a "brief" when responding to counsel's *Anders* brief. *See Johnson*, 885 S.W.2d at 647; accord *Riggs v. State*, 903 S.W.2d 361, 362 (Tex.App.—Houston [1st Dist.] 1995, no pet.); *Lindsey v. State*, 902 S.W.2d 9, 11 (Tex. App.—Corpus Christi 1995, no pet.); *Schroder v. State*, 893 S.W.2d 2, 3 (Tex.App.—Dallas 1994, no pet.); *Wyatt v. State*, 889 S.W.2d 691, 692 (Tex.App.—Beaumont 1994, no pet.); *Robertson v. State*, 881 S.W.2d 32, 32 (Tex.App.—Houston [14th Dist.] 1994, no pet.); *Ford v. State*, 794 S.W.2d 863, 868 (Tex.App.—El Paso 1990, pet. ref'd); *Stevenson v. State*, 780 S.W.2d 294, 295 (Tex.App.—Tyler 1989, no pet.); *Lindsey v. State*, 764 S.W.2d 376, 377 (Tex.App.—Texarkana 1989, no pet.).

Some courts have required the *pro se* response to comply with the Rules of Appellate Procedure. *See, e.g., Marlow v. State*, 886 S.W.2d 314, 315 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (on remand after court apparently did not consider untimely *pro se* brief filed in response to counsel's *Anders* brief); *Ned v. State*, 729 S.W.2d 365, 366 (Tex.App.—Beaumont 1987, pet. ref'd) (on remand for out-of-time *pro se* brief when court had originally affirmed after appellant

failed to file *pro se* brief within a "reasonable time."). By reversing *Marlow* and *Ned*, the Court of Criminal Appeals has at least implicitly concluded that the *pro se* response should not be strictly held to the requirements of the appellate rules.

The Dallas Court of Appeals has directly addressed this issue. In *Henry v. State*, the accused filed a *pro se* response to his counsel's *Anders* brief which apparently did not comply with the pertinent appellate rules governing the form of briefs. 948 S.W.2d 338, 340 (Tex.App.—Dallas 1997, no pet.). The State argued that Henry's *pro se* response should not be considered because it did not comply with the rules. *Id.* The Dallas court rejected this argument. *Id.* at 341.

The court first observed that an appellant has no right to hybrid representation (*i.e.*, the right to have briefs filed on his behalf by counsel and by himself and to have both considered by the court). *Id.* at 340 (citing *Rudd v. State*, 616 S.W.2d 623, 625 (Tex. Crim.App. [Panel Op.] 1981)); *but cf. Ford*, 794 S.W.2d at 868 (describing the *Anders pro se* response as the only situation where an accused has a right to hybrid representation).

The court then explained that the former Rule 74 of the Rules of Appellate Procedure (which prescribed the form for briefs)

> applies to a brief that *argues* the facts and law. TEX.R.APP. P. 74(f)[, 49 Tex. B.J. 579 (Tex.Crim.App.1986, repealed 1997) ]. The purpose of a rule 74 brief is to "acquaint the court with the points relied upon, the manner in which they arose, together with such *argument of facts and law* as will enable the court *to decide the same.*" TEX. R.APP. P. 74(p)[, 49 Tex. B.J. 580 (Tex. Crim.App.1986, repealed 1997)[4]].

The purpose of a *pro se* response to an *Anders* brief, on the other hand, is to *raise* sufficiently any points the indigent appel-

---

3. We recognize that it will be impractical to expect an indigent appellant, untrained and unskilled in the law, to file any type of response until he has had an opportunity to review the record for himself and study, as best he can, the pertinent legal authorities. Our experience has been that some counsel take it upon themselves to forward a copy of the record to their client when they file an *Anders* brief. We commend this practice if the record is not unduly long.

4. *Compare* TEX.R.APP. P. 74(p), 49 Tex. B.J. 580 (Tex.Crim.App.1986, repealed 1997) (briefs should present the court "with such argument of facts and law as will enable the court to decide the [issues presented]"), *with* TEX.R.APP. P. 38.9 (briefs should "present argument that will enable the court to decide the case").

lant chooses to bring to the attention of the court and thereby obligate the appellate court to proceed, after a full examination of the record, to determine whether the points raised are wholly frivolous or are arguable on their merits. If the court determines the points are arguable points, it must, *prior to decision,* afford the indigent the assistance of counsel to *argue the appeal.* [citations omitted]. Because the *pro se* response of appellant is not a brief within the contemplation of rule 74(f), the requirements of rule 74 do not apply, and we so hold.

*Henry,* 948 S.W. at 341.

At first blush, the thirty-day requirement for the filing of the *pro se* response seems to impose the restrictions of the appellate rules on the response. However, we note that some definitive (but reasonable) time period needs to be established for the filing of this response. We adopted a thirty-day standard in *Johnson,* and other courts have followed. *Johnson,* 885 S.W.2d at 647 n. 3; *accord Bruns v. State,* 924 S.W.2d 176, 178 n. 1 (Tex.App.—San Antonio 1996, no pet.); *Schroder v. State,* 893 S.W.2d at 3; *Baker v. State,* 841 S.W.2d 542, 543 (Tex.App.—Houston [1st Dist.] 1992, no pet.). We will continue this standard.

■ In summary, the *pro se* response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues. *Henry,* 948 S.W.2d at 341.

■ Because we no longer require the appellant to file a "brief" in response to counsel's *Anders* brief, we modify the procedures we set forth in *Johnson* regarding the *pro se* response in two respects: (1) when informing the client of his *pro se* appellate rights, counsel should inform the client that he has a right to file a response (rather than a brief) on his own behalf; *Cf. Johnson,* 885 S.W.2d at 646; and (2) the client will have

thirty days following the receipt by the court of a satisfactory *Anders* brief and other required evidence in which to file a *pro se* response or a motion for an extension of time in which to file the response. *Id.* at 647 n. 3.

## THE STATE'S ROLE

In this case, the State has filed a motion for an extension of time in which to file its brief in response to the *Anders* brief. We pause to note that neither the Supreme Court nor the Court of Criminal Appeals has addressed the role, if any, the State plays in the *Anders* process. However, some Texas courts have received and considered State's briefs when addressing the merits of an appeal which counsel has alleged to be frivolous. *See, e.g., Henry v. State,* 948 S.W.2d at 340; *Ortiz v. State,* 849 S.W.2d 921, 924 (Tex.App.—Corpus Christi 1993, order), *disp. on merits,* 885 S.W.2d 271 (Tex.App.—Corpus Christi 1994), *aff'd,* 933 S.W.2d 102 (Tex. Crim.App.1996); *Martin v. State,* 822 S.W.2d 764, 765 (Tex.App.—Houston [1st Dist.] 1992, no pet.). We see no reason the State should not be allowed to participate in the process under the usual appellate schedule, bearing in mind that we must conduct an independent review of the record regardless of whether the State chooses to file a brief.

■ Accordingly, the State's right to file a responsive brief will commence upon the filing of a *pro se* response by an appellant.[5]

## CONCLUSION

We conclude by reiterating the procedures to follow when counsel files an *Anders* brief. When counsel files a motion to withdraw supported by a satisfactory *Anders* brief and other required evidence, the court will inform the accused (in conjunction with the notice counsel has already provided) that he has thirty days within which to file a *pro se* response or a motion for an extension of time in which to file a response.

■ If the court receives a *pro se* response, the court will then notify the State that it has thirty days within which to file a

---

**5.** It seems that the State would rarely take issue with a determination by counsel that the appeal is without merit. Thus, the State's right to file a responsive brief will exist only in those situations where the appellant asserts his own grounds for reversal in a *pro se* response.

brief or a request for an extension.[6] *See* TEX.R.APP. P. 38.6(b), (d). Upon receipt of the State's brief or after the time for filing such has lapsed, we will consider the potential sources of error identified by counsel and by his client. The court will then engage in an independent review of the record to search for any errors "which might arguably support an appeal or require reversal." *Mays,* 904 S.W.2d at 926–27. If no error is found or if any error found is deemed harmless, we will grant the motion to withdraw and affirm the judgment. *Id.* at 927. However, if we conclude that the record reveals some error of arguable merit, then we will grant the motion to withdraw but abate the appeal and direct the trial court to appoint different appellate counsel. *Johnson,* 885 S.W.2d at 648.

In this case, counsel's motion to withdraw and supporting brief satisfy the requirements of *Anders.* She has also provided a copy of the letter she sent to Wilson which explains that he has the right to review the record and file a *pro se* response to counsel's brief and which describes with great detail the procedures he should follow to obtain access to the record.

Wilson has filed a motion requesting an extension of time in which to file his response. We grant that motion. Wilson has sixty days from the date of this order in which to file his response. We deny the State's motion for an extension of time in which to file its brief because that issue is not yet ripe for decision.

6. We will consider reasonable requests for an extension of time in which to file the State's brief. However, requests for more than sixty days are strongly discouraged and will rarely be granted.