**In the Matter of J.A.H., A Juvenile**

**No. 10–98–251–CV.**

Court of Appeals of Texas, Waco.

Dec. 9, 1998.

John A. Kuchera, Waco, for appellant.

Susan Shafer, Assistant District Attorney, Waco, for appellee.

Before Chief Justice DAVIS, Justice CUMMINGS and Justice VANCE.

**ORDER**

PER CURIAM.

The court below sitting as a juvenile court found that Appellant J.A.H. had engaged in

delinquent conduct by assaulting three different individuals and by committing criminal mischief of property valued at $500 or more but less than $1,500. *See* Tex.Fam.Code Ann. § 54.03 (Vernon 1996 & Supp.1999); Tex.Pen.Code Ann. § 22.01(a)(1) (Vernon 1994), § 28.03(b)(3)(A) (Vernon Supp.1999). In the disposition hearing, the court made the findings required by section 54.04(c) of the Family Code and committed J.A.H. to the Texas Youth Commission without a determinate sentence. *See* Tex.Fam.Code Ann. § 54.04(c), (d)(2) (Vernon 1996 & Supp.1999).

■ J.A.H.'s counsel has filed a motion to withdraw from representation of his client under the authority of *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Counsel has notified J.A.H. by letter of his right to file a *pro se* response to the motion. *See Wilson v. State,* 955 S.W.2d 693, 696–97 (Tex.App.—Waco 1997, order).

■ The Supreme Court of Texas recently held that the *Anders* procedures for attorney withdrawal apply to juvenile delinquency appeals. *In re D.A.S.,* 973 S.W.2d 296, 299 (Tex.1998) (orig.proceeding). When counsel files a motion to withdraw under *Anders,* the motion must be accompanied by two exhibits: (1) a *separate* brief containing a "professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced"; *Johnson v. State,* 885 S.W.2d 641, 646 (Tex.App.—Waco 1994, pet. ref'd) (quoting *High v. State,* 573 S.W.2d 807, 812 (Tex.Crim.App. [Panel Op.] 1978)); and (2) a letter or other documentation indicating that counsel has provided his client with a copy of the brief in support of the motion to withdraw, has informed his client of the client's right to file a *pro se* response to the brief, and has informed his client of the client's right to review the record to determine what points to raise in the *pro se* response. *Id.; see also Wilson,* 955 S.W.2d at 697. In the context of a juvenile delinquency appeal, the second exhibit should reflect that counsel has provided the necessary information "to the juvenile client and the juvenile's parent or guardian." *D.A.S.,* 973 S.W.2d at 299.

In the present case, counsel's "brief" consists of three paragraphs contained within the motion to withdraw indicating the reasons counsel believes the appeal is frivolous. Counsel supports this conclusion with limited record references and citation to one rule of civil procedure and one case.

This brief does not satisfy *Anders* for two reasons: (1) it is not a separate document; and (2) it does not adequately demonstrate that counsel has conducted a "professional evaluation of the record" to determine "there are no arguable grounds to be advanced ." *Johnson,* 885 S.W.2d at 646; *see also High,* 573 S.W.2d at 813 (discussing at length the requisites of a satisfactory *Anders* brief).

■ Nor does counsel's letter to J.A.H. satisfy the requirements of *Anders* as interpreted by the Supreme Court of Texas. In *D.A.S.,* the Court held that the motion to withdraw and accompanying *Anders* brief should be "furnished to the juvenile client *and* the juvenile's parent or guardian. The juvenile would then have the ability to advance his or her appeal through a parent, legal guardian, next friend, or guardian ad litem." *D.A.S.,* 973 S.W.2d at 299 (emphasis added).

In the present case, counsel's letter indicates that counsel furnished a copy of the motion to withdraw and *Anders* brief only to J.A.H. and not to his parent or guardian. Thus, counsel's letter does not satisfy *Anders. Id.*

For these reasons, we deny counsel's motion to withdraw.