98149CR.Edwards-EvelynM.fgm.ab.wpd















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-149-CR

     EVELYN MAXINE EDWARDS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 337th District Court
Harris County, Texas
Trial Court # 769,009
                                                                                                                

O P I N I O N
                                                                                                                

      The court convicted Appellant Evelyn Maxine Edwards of delivery of cocaine in an amount
less than one gram. See Tex. Health & Safety Code Ann. § 481.112(b) (Vernon Supp. 1999). 
Edwards pleaded true to the two prior felony convictions alleged to enhance her punishment. The
court sentenced her to fifteen years’ imprisonment.
      Edward’s appellate counsel filed a motion to withdraw from representation of Edwards with
a supporting Anders brief. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400,
18 L. Ed. 2d 493 (1967). We notified Edwards that she had the right to respond to counsel’s
motion and brief, but she has not done so. See Wilson v. State, 955 S.W.2d 693, 696-97 (Tex.
App.—Waco 1997, order). We now address the potential sources of error identified by counsel
and conduct an independent review of the record “to decide whether the case is wholly frivolous.” 
Anders, 386 U.S. at 744, 87 S. Ct. at 1400.
FACTUAL BACKGROUND
      The indictment alleges that Edwards committed the offense on or about November 20, 1997
by actually transferring cocaine to the recipient, by constructively transferring cocaine to the
recipient, or by offering to sell cocaine to the recipient. See Tex. Health & Safety Code Ann.
§ 481.112(a) (Vernon Supp. 1999).
      The alleged recipient is an officer with the Houston Police Department. She testified that she
approached Edwards in front of a convenience store. She introduced herself to Edwards, who
asked her what she needed. The officer told Edwards she needed “a twenty.” Edwards told the
officer she knew where she could get one and told the officer they could walk to that location. 
They walked about one block to a residence.
      Edwards told an unknown male standing in the yard of this residence that her companion
needed “a twenty.” The unknown male walked to an adjacent lot and retrieved a container from
underneath a piece of carpet. He removed several rocks of crack cocaine from the container then
returned the container to its hiding place. He gave Edwards several rocks. She gave two to the
officer who gave her twenty dollars in return. Edwards then delivered the money to the unknown
male.
      Edwards and the officer then returned to the officer’s car, being driven by another undercover
officer. At Edwards’ direction, the officers drove around the corner and dropped her off. The
officers radioed a description of Edwards to other officers in the area who promptly arrested her.
      Both officers who participated in the undercover operation identified Edwards in court as the
person with whom they dealt on the occasion in question. A Houston Police Department chemist
testified that the substance obtained from Edwards constituted 412.6 milligrams of cocaine, being
less than one gram.
      Edwards testified that she talked with the officers on the occasion in question but told them,
“I don’t buy dope for nobody.” She steadfastly insisted that she neither purchased cocaine for the
officers nor made arrangements for the officers to purchase cocaine. She admitted on cross-examination that she had previously been convicted four times of possessing cocaine and twice of
prostitution.
      During the punishment phase, Edwards pleaded true to the two enhancement allegations
contained in the indictment. The State offered without objection a penitentiary packet reflecting
Edwards other two prior felony convictions. Edwards testified on her own behalf and asked the
court for leniency because she is HIV positive. The court sentenced her as indicated above.
POTENTIAL SOURCES OF ERROR
      Counsel does not list potential sources of error as such in his brief. See, e.g., Mays v. State,
904 S.W.2d 923-24 (Tex. App.—Fort Worth 1995, no pet.). Rather, counsel analyzes the record
and discusses “Possible Areas of Concern.” Counsel reviews the court’s jurisdiction, the
indictment, the voluntariness of Edwards’ written jury waiver, the effectiveness of counsel during
both phases of trial, and the court’s decision not to order a presentence investigation. After
reviewing each of these issues and the pertinent law, counsel concludes that no errors of arguable
merit are shown. See Wilson, 955 S.W.2d at 698.
CONCLUSION
      We have reviewed the record and agree with counsel that none of the issues considered reveals
error of arguable merit. Id. Furthermore, the evidence is legally and factually sufficient to uphold
the judgment and no other errors of arguable merit are shown. Accordingly, we grant counsel’s
motion to withdraw and affirm the judgment. Id.



                                                             FRANK G. McDONALD
                                                             Chief Justice (Retired)

Before Chief Justice Davis
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed December 9, 1998
Do not publish