98302CR.Biggins-KennethWayne.wrv.cb.wpd
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-302-CR

     KENNETH WAYNE BIGGINS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 23460CR
                                                                                                                

O P I N I O N
                                                                                                                
     
      Kenneth Wayne Biggins was charged with three counts of aggravated robbery. See Tex. Pen.
Code Ann. §§ 29.02, 29.03 (Vernon 1994). The jury found Biggins guilty on all three counts
and assessed punishment at life imprisonment. 
      Counsel has filed an Anders brief. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967); Wilson v. State, 955 S.W.2d 693 (Tex. App.—Waco 1997, order)
(discussing procedures for Anders appeal, revisiting Johnson v. State, 885 S.W.2d 641, 646 (Tex.
App.—Waco 1994, pet. ref’d)). Counsel states that he has diligently reviewed the record and is
of the opinion that the record reflects no reversible error. We have independently reviewed the
record, and we are satisfied that counsel has thoroughly searched the record for any arguable
appellate claim. McCoy v. Court of Appeals of Wisconsin Dist. 1, 486 U.S. 429, 442, 108 S.Ct.
1895, 1904, 100 L.Ed.2d 440 (1988). We have determined that counsel correctly concluded that
the appeal is frivolous. Id.
      Counsel advised Biggins that he has the right to review the record and to file a pro se response
on his own behalf. Biggins has filed a response in which he complains of ineffective assistance
of counsel. On the record before us, we do not find this to be a viable claim. Nevertheless, we
do not preclude the possibility of a habeas corpus proceeding, where the record can be developed
on any claim of ineffective assistance of counsel he might assert.


 
      Because we have no viable points of error to consider, the judgment is affirmed. We
simultaneously grant counsel's motion to withdraw. Id. 


 
BILL VANCE
                                                                                           Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed March 10, 1999
Do not publish