Willis Irving v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-310-CR
No. 10-99-311-CR
No. 10-99-312-CR
No. 10-99-313-CR

     WILLIS IRVING,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 195th District Court
Dallas County, Texas
Trial Court No. F99-71932
Trial Court No. F99-43285
Trial Court No. F99-18617
Trial Court No. F99-50285
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      In April 1999, Willis Irving pled guilty to the charges contained in two indictments, one
alleging that he had committed the offense of forgery, the other alleging that he had committed
the offense of theft of property of a value less than $1,500. Both indictments contained two
enhancement paragraphs, charging that Irving had been previously and sequentially convicted
of two felonies, which had the effect of elevating the possible punishments for each offense to
the second degree felony level. Irving pled true to the enhancement allegations as well. 
Although there was no plea bargain with the State, the court deferred a ruling on his pleas and
placed Irving on ten years’ deferred adjudication probation, one condition of which was that
Irving successfully complete an intensive drug rehabilitation program known as “Cenikor.” 
      Irving was unable to successfully complete the Cenikor program. In August 1999, he
appeared before the court again, this time on both the State’s motions to adjudicate his guilt for
the earlier offenses and two new indictments—one charging him with a second forgery offense
and the other alleging that he had committed the offense of Unauthorized Use of a Motor
Vehicle. Again, both indictments contained sequential enhancement allegations, elevating the
possible punishment for each offense to the second degree felony level. Without the benefit of
a plea bargain, Irving pled guilty to the charges in the new indictments, and true to both the
enhancement allegations in the indictments and to the State’s allegations in the motions to
adjudicate his guilt. After considering evidence offered by Irving in mitigation of his
punishment, the court accepted his pleas to the new indictments, the enhancing allegations, and
the motions to adjudicate, found him guilty of all charges, and assessed punishment of
concurrent twenty year sentences on each offense. Irving filed a notice of appeal of the court’s
decision in all four causes.
      Irving’s appellate attorney has filed an Anders brief addressing all four appeals. See
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Wilson v. State,
955 S.W.2d 693 (Tex. App.—Waco 1997, order, no pet.) (discussing procedures for Anders
appeal, revisiting Johnson v. State, 885 S.W.2d 641, 646 (Tex. App.—Waco 1994, pet.
ref’d)). Counsel states that he has diligently reviewed the record and is of the opinion that the
record reflects no reversible error. We are satisfied that counsel has thoroughly searched the
record for any arguable appellate claim. McCoy v. Court of Appeals of Wisconsin Dist. 1, 486
U.S. 429, 442, 108 S.Ct. 1895, 1904, 100 L.Ed.2d 440 (1988). Through our own
independent review of the record, we have determined that counsel correctly concluded that the
appeal is frivolous. Id.
      Counsel advised Irving of his right to review the record and to file a pro-se response on
his own behalf. Irving has not filed a response. See Wilson, 955 S.W.2d at 698. Thus,
because we have no viable points of error or issues to consider, the judgments are affirmed. 
We simultaneously grant counsel's motions to withdraw. See id.
 
                                                                         BILL VANCE
                                                                         Justice


Before Chief Justice Davis,
           Justice Vance, and
           Justice Gray
Affirmed
Opinion delivered and filed July 19, 2000
Do not publish