NO. 07-03-0145-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 11, 2003


______________________________



MICHAEL R. PALOMIN
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 89-05-3187; HON. ANDY KUPPER, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellant Michael R. Palomin attempts to appeal pro se from the denial of his
request for forensic DNA testing. The order denying his request was signed on September
5, 2002. The document, which we interpret as his notice of appeal, was filed with this court
on March 24, 2003. Furthermore, we interpret it as a notice of appeal since it is entitled
"Motion for Leave to File Out of Time Appeal" and evinces appellant's desire to appeal the
trial court's ruling. See Palma v. State, 76 S.W.3d 638, 641 (Tex. App.-Corpus Christi
2002, pet. ref'd) (stating that a letter from Palma to the court clerk asking if he had an
appellate attorney and an appeal bond sufficiently evinced a desire to appeal and,
therefore, constituted a notice of appeal). For the reasons set out, we must dismiss the
appeal for lack of jurisdiction. 

 A timely filed notice of appeal is essential to invoke our appellate jurisdiction. Olivo
v. State, 918 S.W.2d 519, 522 ( Tex. Crim. App. 1996). To be timely, a notice of appeal
(in a criminal matter) must be filed within 30 days after the date sentence is imposed or
suspended in open court or within 90 days after the date sentence is imposed or
suspended in open court if the defendant timely files a motion for new trial. Tex. R. App.
P. 26.2(a)(1) & (2). In a civil matter, the notice must be filed within 30 days of the date the
trial court signed the final order or judgment or within 90 days if a timely motion for new trial
is filed. Id. at 26.1(a). And, while an appellate court may extend the time to file a notice
of appeal, the notice and request for an extension must be filed within 15 days of the
original deadline for filing the notice of appeal. Tex. R. App. P. 26. 3. 

 Irrespective of whether or not appellant timely moved for a new trial after his request
for DNA testing was denied, the document we deem to be his notice of appeal was
untimely. That is, it was filed long after 90 days lapsed from the date the order was signed. 
Similarly, his request to extend the appellate deadline is also untimely by approximately
three months. Thus, we have no jurisdiction over the appeal. And, because we cannot
create jurisdiction where none exists, Slaton v. State, 981 S.W.2d 208, 209-10 (Tex. Crim.
App. 1998), we must dismiss the appeal. Id. at 210. (1)


 Per Curiam

Do not publish.
1. Because we have determined that we do not have jurisdiction over appellant's appeal, his "Motion
for the Appointment of Attorney" is moot.



">JERRY RONALD HOLLAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NOS. 19392-A and 19393-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Through two indictments, appellant Jerry Ronald Holland was charged with eight
counts of indecency with a child.


 A jury convicted him on each count and assessed
punishment at ten years in prison and a $2,000 fine on each count. The court imposed
concurrent sentencing. Appellant timely filed a notice of appeal. His court-appointed
appellate counsel has filed a motion to withdraw from representation supported by an
Anders


 brief. We will grant counsel’s motion to withdraw and affirm the judgments of the
trial court.
          Evidence presented at trial showed appellant, age seventy, improperly touched two
females, then ages six and nine. The victims were cousins of appellant’s granddaughter. 
The evidence included appellant’s written statement to police and a recorded interview with
an officer, and included trial testimony of the victims and a sexual assault nurse examiner. 
Appellant also testified, seeking to clarify some of his statements to police.
          In the Anders brief supporting his motion to withdraw, appellant’s court-appointed
counsel analyzed the evidence adduced at trial. He certified that after reviewing the entire
record and conducting research he could find no reversible error and in his opinion the
appeal was frivolous. Counsel also filed with this court a copy of a letter to appellant
transmitting the motion to withdraw and the Anders brief and notifying appellant of the right
to file a pro se response. The letter also offered a copy of the record for appellant. See
Johnson v. State, 885 S.W.2d 641, 646-47 (Tex.App.–Waco 1994, pet. refused), modified
in part by Wilson v. State, 955 S.W.2d 693 (Tex.App.–Waco 1997, no pet.). This court
also has advised appellant by letter of his right to file a response to his attorney’s Anders
brief. Appellant did not file a pro se response.
          When court-appointed counsel files a motion to withdraw and a brief in which he
concludes no arguable grounds for appeal exist, we review the record and make an
independent determination. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400 (the appellate
court, and not counsel, after full examination of the record, determines whether the case
is “wholly frivolous”); accord Bledsoe v. State, 178 S.W.3d 824, 826 (Tex.Crim.App. 2005);
Mitchell v. State, 193 S.W.3d 153, 155 (Tex.App.–Houston [1st Dist.] 2006, no pet.). If,
from our review of the record, we find arguable grounds for appeal, we will abate the
appeal, remand the case to the trial court, and allow withdrawal of court-appointed counsel.
Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193 S.W.3d at 156. If we determine from our
independent review of the entire record that the appeal is wholly frivolous, we may affirm
the trial court’s judgment by issuing an opinion explaining that we reviewed the record and
found no arguable grounds for appeal. Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193
S.W.3d at 156. An appellant may challenge a court of appeal’s finding of no arguable
grounds for appeal by a petition for discretionary review filed in the Court of Criminal
Appeals. Bledsoe, 178 S.W.3d at 827 & n.6; Mitchell, 193 S.W.3d at 156.
          After reviewing counsel’s Anders brief, we conducted our own review of the entire
record. We find no arguable grounds for appeal. Accordingly, the motion of appellant’s
counsel to withdraw is granted


 and the judgments are affirmed. 
 
                                                                                      James T. Campbell 

                                                                                                 Justice





Do not publish.