NO. 07-08-0243-CR; 07-08-0244-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 26, 2009
_____

JERRY RONALD HOLLAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NOS. 19392-A and 19393-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Through two indictments, appellant Jerry Ronald Holland was charged with eight counts of indecency with a child.[1]  A jury convicted him on each count and assessed punishment at ten years in prison and a $2,000 fine on each count.  The court imposed concurrent sentencing.  Appellant timely filed a notice of appeal.  His court-appointed appellate counsel has filed a motion to withdraw from representation supported by an

---

[1] Tex. Penal Code Ann. § 21.11 (Vernon 2003).

*Anders*[2] brief. We will grant counsel's motion to withdraw and affirm the judgments of the trial court.

Evidence presented at trial showed appellant, age seventy, improperly touched two females, then ages six and nine. The victims were cousins of appellant's granddaughter. The evidence included appellant's written statement to police and a recorded interview with an officer, and included trial testimony of the victims and a sexual assault nurse examiner. Appellant also testified, seeking to clarify some of his statements to police.

In the *Anders* brief supporting his motion to withdraw, appellant's court-appointed counsel analyzed the evidence adduced at trial. He certified that after reviewing the entire record and conducting research he could find no reversible error and in his opinion the appeal was frivolous. Counsel also filed with this court a copy of a letter to appellant transmitting the motion to withdraw and the *Anders* brief and notifying appellant of the right to file a pro se response. The letter also offered a copy of the record for appellant. *See Johnson v. State,* 885 S.W.2d 641, 646-47 (Tex.App.–Waco 1994, pet. refused), *modified in part by Wilson v. State,* 955 S.W.2d 693 (Tex.App.–Waco 1997, no pet.). This court also has advised appellant by letter of his right to file a response to his attorney's *Anders* brief. Appellant did not file a pro se response.

When court-appointed counsel files a motion to withdraw and a brief in which he concludes no arguable grounds for appeal exist, we review the record and make an independent determination. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400 (the appellate

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

court, and not counsel, after full examination of the record, determines whether the case is "wholly frivolous"); *accord Bledsoe v. State,* 178 S.W.3d 824, 826 (Tex.Crim.App. 2005); *Mitchell v. State,* 193 S.W.3d 153, 155 (Tex.App.–Houston [1st Dist.] 2006, no pet.). If, from our review of the record, we find arguable grounds for appeal, we will abate the appeal, remand the case to the trial court, and allow withdrawal of court-appointed counsel. *Bledsoe,* 178 S.W.3d at 826-27; *Mitchell,* 193 S.W.3d at 156. If we determine from our independent review of the entire record that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion explaining that we reviewed the record and found no arguable grounds for appeal. *Bledsoe,* 178 S.W.3d at 826-27; *Mitchell,* 193 S.W.3d at 156. An appellant may challenge a court of appeal's finding of no arguable grounds for appeal by a petition for discretionary review filed in the Court of Criminal Appeals. *Bledsoe,* 178 S.W.3d at 827 & n.6; *Mitchell,* 193 S.W.3d at 156.

After reviewing counsel's *Anders* brief, we conducted our own review of the entire record. We find no arguable grounds for appeal. Accordingly, the motion of appellant's counsel to withdraw is granted[3] and the judgments are affirmed.

> James T. Campbell
> Justice

Do not publish.

---

[3]Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review. *See* Tex. R. App. P. 48.4.

3