NO. 07-08-0454-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 25, 2010

_____

JAMES MICHAEL FIELDS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17234-0705; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

A jury convicted appellant, James Michael Fields, of two counts of aggravated sexual assault of a child.[1]  On each count, it sentenced him to sixty years in prison and a $10,000 fine.  The sentences are concurrent.  Appellant timely filed a notice of appeal. His court-appointed appellate counsel has filed a motion to withdraw from

---

[1] Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2009).

representation supported by an *Anders*[2] brief.  We grant counsel's motion to withdraw and affirm the judgments of the trial court.

In the *Anders* brief supporting his motion to withdraw, appellant's court-appointed counsel analyzed the evidence adduced at trial.  He advanced a potential legal and factual sufficiency issue but concluded after reviewing the entire record and conducting research the case presents no reversible error and in his opinion the appeal is frivolous. Attached to counsel's motion to withdraw was a copy of a letter from him to appellant transmitting the motion to withdraw and the *Anders* brief and notifying appellant of the right to file a *pro se* response.  The letter also notified appellant how to obtain a copy of the record.  *See Johnson v. State,* 885 S.W.2d 641, 646-47 (Tex.App.–Waco 1994, pet. refused), *modified in part by Wilson v. State,* 955 S.W.2d 693 (Tex.App.–Waco 1997, no pet.).  This court also advised appellant by letter of his right to file a response to counsel's *Anders* brief.  Appellant did not file a *pro se* response.

When court-appointed counsel files a motion to withdraw and a brief in which he concludes no arguable grounds for appeal exist, we review the entire record and make an independent determination.  *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400 (the appellate court, and not counsel, after full examination of the record, determines whether the case is "wholly frivolous"); *accord Bledsoe v. State,* 178 S.W.3d 824, 826 (Tex.Crim.App. 2005); *Mitchell v. State,* 193 S.W.3d 153, 155 (Tex.App.–Houston [1st Dist.] 2006, no pet.).  If, from our review of the entire record, we find arguable grounds

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  *See In re Schulman,* 252 S.W.3d 403, 404 (Tex.Crim.App. 2008) (sole purpose of *Anders* brief is to explain and support counsel's motion to withdraw).

for appeal, we will abate the appeal, remand the case to the trial court, and allow withdrawal of court-appointed counsel. *Bledsoe,* 178 S.W.3d at 826-27; *Mitchell,* 193 S.W.3d at 156. If we determine from our review of the entire record that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion explaining that we reviewed the record and found no arguable grounds for appeal. *Bledsoe,* 178 S.W.3d at 826-27; *Mitchell,* 193 S.W.3d at 156. An appellant may challenge a court of appeals' finding of no arguable grounds for appeal by a petition for discretionary review filed in the Court of Criminal Appeals. *Bledsoe,* 178 S.W.3d at 827 & n.6; *Mitchell,* 193 S.W.3d at 156.

After reviewing counsel's *Anders* brief, we reviewed the entire record. We find no arguable grounds for appeal. Accordingly, the motion of appellant's counsel to withdraw is granted[3] and the judgments are affirmed.

It is so ordered.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.