

NUMBER 13-12-00368-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAVIER DE LA ROSA JR., Appellant,

v.

THE STATE OF TEXAS, Appellee.

**On appeal from the 107th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Benavides**

On March 8, 2012, appellant Javier De La Rosa pleaded guilty to murder, a first-degree felony.  *See* TEX. PENAL CODE ANN. § 19.02 (West, Westlaw 2013 through 3d C.S.).  De La Rosa elected for the jury to determine his punishment, and a trial was

held solely on the issue of punishment. The jury assessed punishment at ninety years' imprisonment with the Texas Department of Criminal Justice's Institutional Division. This appeal followed. De La Rosa's court-appointed counsel has filed an *Anders* brief.[1] *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, De La Rosa's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), De La Rosa's counsel carefully discussed why, under controlling authority, there is no

---

[1] On April 3, 2013, De La Rosa's initial appellate attorney filed an *Anders* brief and corresponding motion to withdraw. On January 6, 2014, we issued an order noting that appellate counsel did not have the entire record before he filed his *Anders* brief. Accordingly, we: (1) granted De La Rosa's appellate attorney's motion to withdraw; (2) abated the appeal; and (3) remanded the case to the trial court to appoint a new appellate attorney to review the complete record on appeal. On August 18, 2014, De La Rosa's second appellate attorney filed an *Anders* brief and corresponding motion to withdraw.

reversible error in the trial court's judgment. This Court has also ensured that De La Rosa has been (1) notified that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided with copies of both pleadings; (3) informed of his rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; and (4) provided with a form motion for pro se access to the appellate record, lacking only De La Rosa's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

In this case, De La Rosa filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. No pro se response was filed.[3]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[3] This Court granted three motions for extension of time to give De La Rosa an opportunity to file a pro se brief, if any. A reasonable amount of time has passed, and no pro se response has been filed.

S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   There is no reversible error in the record.   Accordingly, the judgment of the trial court is affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, De La Rosa's attorney has asked this Court for permission to withdraw as counsel for appellant.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motion to withdraw.   Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to De La Rosa and to advise him of his right to file a petition for discretionary review.[4]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d

---

[4] No substitute counsel will be appointed.   Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.   *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.

4

670, 673 (Tex. Crim. App. 2006).[5]

/s/ Gina M. Benavides
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
12th day of February, 2015.

---

[5] De La Rosa filed the following motions, which remain pending:  (1) motion to supplement the appellate record; (2) motion to forward original exhibits to this Court; and (3) motion to hold appellate counsel in contempt.   After due consideration, we deny all of these motions.