

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00409-CR

**JOSHUA MARQUES WILLIS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2012-1058-C1

## MEMORANDUM OPINION

Joshua Marques Willis was convicted of possession of a controlled substance, over four grams and under 200 grams, with the intent to deliver, enhanced. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010); TEX. PENAL CODE ANN. § 12.42(c)(1) (West 2011). He was sentenced to life in prison, and that sentence was stacked on a prior robbery conviction and sentence of 60 years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West 2006).

Willis's appellate attorney filed an *Anders* brief in this appeal. *See Anders v.*

*California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Willis was given a copy of the record by counsel and was informed of his right to submit a response on his own behalf. Willis submitted his own response. The State did not respond.[1]

Counsel asserts in the *Anders* brief that counsel reviewed the appellate record, including the indictment, pretrial motions, jury selection, any objections made, the verdict, sentence and punishment, the jury instruction, and the judgment. Counsel also reviewed the sufficiency of the evidence to support the conviction and any unobjected to error that might rise to the level of fundamental error. Counsel concludes that counsel is unable to find any non-frivolous error.[2]

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In his response, Willis asserts that: 1) the evidence was insufficient to prove he possessed the type of cocaine that was illegal to possess; 2) the trial court abused its discretion by allowing the State to violate Rules 403, 404(b), 405, and 406 of the Texas Rules of Civil Procedure; 3) the trial court abused its discretion when it deprived the jury of the ability to have an officer's testimony read back to them; 4) the jury foreman

---

[1] *See Wilson v. State*, 955 S.W.2d 693, 697 (Tex. App.—Waco 1997, order).

[2] Despite this conclusion, we note that counsel has pointed out an alleged clerical error that counsel believes should be corrected. Counsel contends the judgment incorrectly shows that the jury assessed punishment when the court assessed punishment. The judgment specifically states: "Punishment Assessed by: COURT." Thus, nothing needs to be corrected.

committed misconduct by not following the court's instructions to be able to have the officer's testimony read back to the jury; 5) trial counsel was ineffective for not trying to exclude an officer's testimony and report; 6) trial counsel was ineffective for failing to make proper objections; 7) trial counsel was ineffective for the failure to prepare a defense for not guilty rather than for a defense of the lesser included offense; 8) the evidence was insufficient to prove possession of over four grams of cocaine, when the chemist tested 11 grams of cocaine and Willis was charged with possession of 13 grams of cocaine; 9) the trial court erred in stacking Willis's sentences; and 10) the trial court committed reversible error when the jury was instructed to find Willis guilty of general possession where the State introduced three types of extraneous possessions.

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After reviewing counsel's brief, Willis's response, and the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Willis wish to seek further review of this case by the Texas Court of

Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Willis is granted, and counsel is permitted to withdraw from representing Willis. Additionally, counsel must send Willis a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's "Motion to Abate Appeal and Remand to Trial Court" is denied.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 5, 2016
Do not publish
[CRPM]

