NO. 07-02-00219-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 17, 2003

_____

LAURA RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13947-0101; HONORABLE EDWARD L. SELF, JUDGE

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Laura Ramos appeals from her conviction for forgery of a financial instrument. We affirm.

On July 6, 2001, appellant pled guilty to a charge of forgery of a financial instrument. The trial court found that the evidence substantiated appellant's guilt, but

deferred a finding of guilt and placed appellant on four years deferred adjudication community supervision. The State then filed a motion to proceed adjudication on January 21, 2002, which resulted in appellant being adjudicated guilty and sentenced to two years in a state jail facility, payment of a $1,000.00 fine, court costs and attorneys fees. At the hearing, appellant pled true to allegations 2 through 6 of the State's motion. Appellant admitted to failing to report, failing to maintain employment, failing to pay her restitution fine, court costs and attorneys fees, failing to perform community service, and failing to attend Adult Education classes. On being questioned by the trial court, appellant stated that she understood the potential consequences of her plea and that she had not been promised anything in exchange for her plea. Also included in the record is appellant's signed, written plea of true and judicial confession. The record reflects that appellant's plea of true was freely, voluntarily, knowingly, and intelligently made.

Counsel for appellant has filed a Motion to Withdraw and a Brief in Support thereof. In support of the motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has been diligently reviewed and that in the opinion of counsel, the record reflects no reversible error on grounds upon which an arguably meritorious appeal can be predicated. Counsel thus concludes that the appeal is without merit. Counsel has discussed why, under the controlling authorities, there is no reversible error in the trial court proceedings or judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached exhibits showing that a copy of the <u>Anders</u> brief and Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately advised appellant of appellant's right to review the record and file a response to counsel's motion and brief.  See <u>Wilson v. State</u>, 955 S.W.2d 693, 697 (Tex.App.–Waco 1997, no pet.); <u>Johnson v. State</u>, 885 S.W.2d 641, 646 (Tex.App.–Waco 1994, pet. ref'd).  The clerk of this court has likewise advised appellant of her right to file a response to counsel's motion and <u>Anders</u> brief.  No response has been received.

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion.  <u>Cardona v. State</u>, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); <u>Jackson v. State</u>, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that appellant violated a condition of community supervision as alleged in the motion to revoke.  <u>Cobb v. State</u>, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993).  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision.  <u>Cardona</u>, 665 S.W.2d at 494.  When more than one violation of the conditions of probation is found by the trial court, the order revoking probation will be affirmed if one sufficient ground for revocation supports a revocation order.  <u>Moore v. State</u>, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980).  Furthermore, a defendant's plea of true standing alone is sufficient to support the trial court's revocation order.  <u>Cole v. State</u>, 578 S.W.2d 127, 128 (Tex.Crim.App. 1979).

We have made an independent examination of the record to determine whether there are any arguable grounds meriting appeal.  See <u>Penson v. Ohio</u>, 488 U.S. 75, 80,

109 S.Ct. 346, 102 L.Ed 2d 300 (1988); <u>Stafford v. State</u>, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have not found any arguable issues and agree with counsel that an appeal is frivolous.  <u>Currie v. State</u>, 516 S.W.2d 684 (Tex.Crim.App. 1974); <u>Lacy v. State</u>, 477 S.W.2d 577, 578 (Tex.Crim.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.


Phil Johnson
Chief Justice


Do not publish.