NO. 07-08-0454-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 25, 2010

 

_________________________

 

JAMES MICHAEL FIELDS,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

 

_________________________

 

FROM THE 242ND
DISTRICT COURT OF HALE COUNTY; 

 

NO. B17234-0705;
HONORABLE ED SELF, JUDGE

 

___________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM 
OPINION

 

 

A
jury convicted appellant, James Michael Fields, of two counts of aggravated
sexual assault of a child.[1]  On each count, it sentenced him to
sixty years in prison and a $10,000 fine. 
The sentences are concurrent. 
Appellant timely filed a notice of appeal.  His court-appointed appellate counsel has
filed a motion to withdraw from representation supported by an Anders[2]
brief.  We grant counsel’s motion to
withdraw and affirm the judgments of the trial court.

            In the Anders
brief supporting his motion to withdraw, appellant’s court-appointed counsel
analyzed the evidence adduced at trial. 
He advanced a potential legal and factual sufficiency issue but
concluded after reviewing the entire record and conducting research the case
presents no reversible error and in his opinion the appeal is frivolous.  Attached to counsel’s motion to withdraw was
a copy of a letter from him to appellant transmitting the motion to withdraw
and the Anders brief and notifying appellant of the right to file a pro
se response.  The letter also
notified appellant how to obtain a copy of the record.  See Johnson v. State, 885 S.W.2d 641,
646-47 (Tex.App.–Waco 1994, pet. refused), modified
in part by Wilson v. State, 955 S.W.2d 693 (Tex.App.–Waco
1997, no pet.).  This court also advised
appellant by letter of his right to file a response to counsel’s Anders
brief.  Appellant did not file a pro
se response. 

            When court-appointed
counsel files a motion to withdraw and a brief in which he concludes no
arguable grounds for appeal exist, we review the entire record and make an
independent determination.  See
Anders, 386 U.S. at 744, 87 S.Ct. at 1400 (the
appellate court, and not counsel, after full examination of the record,
determines whether the case is “wholly frivolous”); accord Bledsoe v. State,
178 S.W.3d 824, 826 (Tex.Crim.App. 2005); Mitchell
v. State, 193 S.W.3d 153, 155 (Tex.App.–Houston
[1st Dist.] 2006, no pet.).  If, from our
review of the entire record, we find arguable grounds for appeal, we will abate
the appeal, remand the case to the trial court, and allow withdrawal of
court-appointed counsel. Bledsoe, 178 S.W.3d at 826-27;
Mitchell, 193 S.W.3d at 156.  If
we determine from our review of the entire record that the appeal is wholly
frivolous, we may affirm the trial court’s judgment by issuing an opinion
explaining that we reviewed the record and found no arguable grounds for
appeal.  Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193 S.W.3d at
156.  An appellant may challenge a court
of appeals’ finding of no arguable grounds for appeal by a petition for
discretionary review filed in the Court of Criminal Appeals.  Bledsoe, 178 S.W.3d
at 827 & n.6; Mitchell, 193 S.W.3d at 156.

            After reviewing
counsel’s Anders brief, we reviewed the entire record.  We find no arguable grounds for appeal.  Accordingly, the motion of appellant’s
counsel to withdraw is granted[3] and the judgments are affirmed. 

            It is so ordered.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 

Do not publish. 

 

 

 

 

 











[1] Tex. Penal Code Ann. §
22.021 (Vernon Supp. 2009).





[2] Anders v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 See In re Schulman, 252
S.W.3d 403, 404 (Tex.Crim.App. 2008) (sole purpose of
Anders brief is to explain and support
counsel’s motion to withdraw). 





[3]
Counsel shall, within five days after the opinion is handed down, send his
client a copy of the opinion and judgment, along with notification of the
defendant’s right to file a pro se petition for discretionary
review.  See Tex. R. App. P. 48.4.