

**NUMBER 13-10-00263-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**KIMBERLY GALINDO,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                **Appellee.**

---

### On appeal from the 156th District Court
### of Bee County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Vela**
**Memorandum Opinion by Justice Garza**

On September 3, 2009, appellant Kimberly Galindo was convicted of recklessly causing injury to a child, a second-degree felony, in trial court cause number B-09-2114-2-CR-B. *See* TEX. PENAL CODE ANN. § 22.04(a)(1) (Vernon Supp. 2010). Galindo was sentenced to ten years' imprisonment and was assessed a $1,000 fine, with the prison term suspended and community supervision ordered for a period of ten years.

*See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3.

The State filed a motion to revoke Galindo's community supervision on March 16, 2010. The State alleged in this motion that Galindo violated the terms of her community supervision by: (1) intentionally and knowingly possessing and using less than one gram of cocaine, and (2) intentionally and knowingly consuming alcohol. Galindo stipulated to the truth of the allegations in this motion. On April 13, 2010, the trial court granted the motion, revoked Galindo's community supervision, sentenced her to eight years' imprisonment, and assessed a $1,000 fine. This appeal followed.

## I. *ANDERS* BRIEF

Galindo's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record has concluded that there is no reversible error. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw on Galindo, and (3) informed Galindo of her right to review the record and to file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. More than an adequate time has passed, and no pro se response has been filed.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Galindo's counsel has filed a motion to withdraw as her appellate counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgment to Galindo and advise her of her right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252

---

[2] No substitute counsel will be appointed. Should Galindo wish to seek further review by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3, 68.7. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the

S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
9th day of December, 2010.

Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.