NUMBER 13-10-137-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

GUADALUPE ANDREW
CERVANTES,                                          Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the 214th
District Court 

of Nueces County, Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices
Garza, Benavides, and Vela  

Memorandum Opinion by
Justice Vela

                                                                                                                                    

Appellant, Guadalupe Andrew Cervantes,
was charged with causing serious bodily injury with a deadly weapon, involving
family violence.  Tex. Penal Code Ann.
§ 22.02(b)(1) (Vernon Supp. 2010).  He pleaded guilty without a plea bargain
agreement and elected for the jury to assess punishment.  Evidence was
presented by both sides, and the jury assessed punishment at life
imprisonment.  Cervantes was also assessed a ten thousand dollar fine.  We
affirm.                                 

I. Anders Brief

Cervantes’s appellate counsel has filed
a motion to withdraw and a brief in support thereof in which he states that he
has diligently reviewed the entire record and has concluded that there “are no
meritorious issues to bring forward for review.”  See Anders v. California,
386 U.S. 738, 744 (1967).  In compliance with High v. State, 573 S.W.2d
807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has informed this Court
that he has (1) examined the record and has found no arguable grounds to
advance on appeal, (2) served copies of the brief and motion to withdraw on
Cervantes; and (3) informed Cervantes of his right to review the record and to
file a pro se response.[1] 
See Anders, 386 U.S. at 744; Stafford v. State, 813 S.W.2d 503, 510
n. 3 (Tex. Crim. App. 1991).  More than an adequate time has passed, and no pro
se response has been filed.

II. Independent Review

Upon receiving an Anders brief,
we must conduct a full examination of all the proceedings to determine whether
the appeal is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have reviewed the record and have found nothing that would arguably
support an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex.
Crim. App. 2005) (“Due to the nature of Anders briefs, by indicating in
the opinion it considered the issues raised in the brief and reviewed the
record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.”); Stafford, 813
S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

In accordance with Anders,
Cervantes's counsel has filed a motion to withdraw as his appellate counsel.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at
408 n. 17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.–Dallas 1995, no pet.) (noting that “If an attorney believes the appeal is
frivolous, he must withdraw from representing the appellant.  To withdraw from
representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is
frivolous.”) (citations omitted)).  We grant the motion to withdraw.

We order that counsel must, within five
days of the date of this opinion, send a copy of the opinion and judgment to
Cervantes and advise him of his right to file a petition for discretionary
review.[2] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d 403, 412 n. 35 (Tex. Crim. App. 2008)
(orig. proceeding); Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App.
2006).

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

20th of January, 2011.









[1]The Texas Court of Criminal Appeals
has held that “the pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant believes the court should
consider in deciding whether the case presents any meritorious issues.” In
re Schulman, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008) (orig.
proceeding) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex.
App.–Waco 1997, no pet.)).

 





[2]No substitute counsel will be
appointed.  Should Cervantes wish to seek further review by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or file a pro se petition for discretionary review. Any
petition for discretionary review must be filed within thirty days from the
date of either this opinion or the last timely motion for rehearing that was
overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3, 68.7.  Any petition for discretionary review must comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.