NUMBER 13-11-00045-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

ALONZO DEWAYNE MARSHALL

AKA ALONZO DEWAYNE MARXHALL,                                   Appellant, 

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 252nd
District Court

of Jefferson County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION[1]

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza

 

            On April 21, 2008,
pursuant to a plea bargain, appellant Alonzo Dewayne Marshall aka Alonzo
Dewayne Marxhall pleaded guilty to possession of a controlled substance, less
than one gram of cocaine, a state jail felony.  See Tex. Health & Safety Code Ann. § 481.115(a),
(b) (West 2010).  The trial court sentenced appellant to two years’
imprisonment in the Texas Department of Criminal Justice—State Jail Division,
suspended the sentence, placed appellant on community supervision for five years,
and assessed a $2,500 fine.  See Tex.
Penal Code Ann. § 12.35 (West Supp. 2010).  On November 18, 2010, the
State filed a motion to revoke probation, alleging that appellant violated
conditions of his community supervision, including possession of cocaine and possession
of marijuana in a drug-free zone.  Appellant pleaded “not true” to the State’s
allegations.  Following a hearing on December 1, 2010, the trial court found
the State’s allegation of cocaine possession “true,” revoked appellant’s
community supervision, and sentenced appellant to twelve months’ confinement in
a state jail facility.  See id.  

I.  Anders
Brief

            Appellant’s appellate
counsel has filed a motion to withdraw and a brief in support thereof in which
he states that he has diligently reviewed the entire record and has concluded
that there is no reversible error.  See Anders v. California, 386 U.S.
738 (1967); High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel
Op.] 1978).  Counsel has informed this Court that he has (1) examined the
record and has found no arguable grounds to advance on appeal, (2) served
copies of the brief and motion to withdraw on appellant, and (3) informed appellant
of his right to review the record and to file a pro se response.[2] 
See Anders, 386 U.S. at 744; Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991).  More than an adequate time has passed, and no pro
se response has been filed.  See In re Schulman, 252 S.W.3d 403, 409
n.23 (Tex. Crim. App. 2008).  

II. 
Independent Review

Upon receiving an Anders brief,
we must conduct a full examination of all the proceedings to determine whether
the appeal is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988). 
We have reviewed the entire record and counsel’s brief, and find that the
appeal is wholly frivolous and without merit.  See Bledsoe v. State, 178
S.W.3d 824, 827-28 (Tex. Crim. App. 2005) (“Due to the nature of Anders
briefs, by indicating in the opinion it considered the issues raised in the
brief and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1.”); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

III.  Motion
to Withdraw

            In accordance with Anders,
appellant’s counsel has filed a motion to withdraw as appellate counsel.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas
1995, no pet.) (“If an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant.  To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief
showing the appellate court that the appeal is frivolous.”) (citations omitted)). 
We grant the motion to withdraw.

            We order that counsel
must, within five days of the date of this opinion, send a copy of the opinion
and judgment to appellant and advise him of his right to file a petition for
discretionary review.[3]
 See Tex. R. App. P. 48.4;
see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

11th
day of August, 2011.









[1]
This case is before the Court on transfer from the Ninth Court of Appeals in
Beaumont pursuant to an order issued by the Supreme Court of Texas.  See Tex. Gov’t Code Ann. § 73.001 (West
2005).

  





[2]
The Texas Court of Criminal Appeals has held that “the pro se response need
not comply with the rules of appellate procedure in order to be considered. 
Rather, the response should identify for the court those issues which the
indigent appellant believes the court should consider in deciding whether the
case presents any meritorious issues.”  In re Schulman, 252 S.W.3d 403,
409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d
693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[3]
No substitute counsel will be appointed.  Should appellant wish to seek further
review by the Texas Court of Criminal Appeals, he must either retain an
attorney to file a petition for discretionary review or file a pro se petition
for discretionary review.  Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely
motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition
for discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3, 68.7.  Any
petition for discretionary review must comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.