NUMBER 13-11-00662-CR



# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**LEONARD WAYNE WHITE A/K/A**                                    **Appellant,**
**LEONARD WHITE JR.,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Justice Garza[1]**

Appellant, Leonard Wayne White a/k/a Leonard White Jr., was indicted for

aggravated sexual assault of a child.  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i),

(2)(B) (West Supp. 2011).  Pursuant to a plea bargain, appellant pleaded guilty to the

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

lesser-included offense of injury to a child. *See id.* § 22.04 (West Supp. 2011). The trial court deferred adjudication of appellant's guilt, assessed a $1,000 fine, and placed him on community supervision for six years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5 (West Supp. 2011).

The State later filed a motion to revoke appellant's community supervision; although appellant pleaded "true" to several of the State's allegations, the trial court continued appellant on community supervision. The State later filed a second motion to revoke appellant's community supervision; after appellant pleaded "true" to several of the State's allegations, the trial court revoked appellant's community supervision, adjudicated him guilty, and sentenced him to ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.34 (West 2011) (providing punishment range for third-degree felony as two to ten years' imprisonment and $10,000 fine). However, on appellant's motion to reconsider, the trial court vacated its judgment, reinstated appellant's community supervision, and extended the period of community supervision for two years.

On July 29, 2011, the State filed another motion to revoke appellant's community supervision, alleging several violations of his community supervision. Appellant pleaded "true" to one of the State's allegations. The trial court revoked appellant's community supervision, adjudicated him guilty, and sentenced him to ten years' imprisonment.

## I. *ANDERS* BRIEF

Appellant's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has concluded that there is no reversible error. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). More than an adequate time has passed, and no pro se response has been filed. *See In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and find that the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has filed a motion to withdraw as his appellate counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgments to appellant and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)

Delivered and filed the
9th day of August, 2012.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.