

NUMBER 13-11-00448-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **ARTIS WASHINGTON A/K/A** | **Appellant,** |
| **ARTIS DONTRAE WASHINGTON,** | |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 272nd District Court of Brazos County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Artis Washington a/k/a Artis Dontrae Washington, was charged by indictment with evading arrest or detention with a vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04 (West Supp. 2011). The indictment also alleged that Washington was a habitual felony offender, having been finally convicted of two prior

felonies. *See id.* § 12.42(d) (West Supp. 2011). After a trial, a Brazos County jury found Washington guilty and the trial court sentenced him to thirty years' imprisonment. He now appeals and we affirm.[1]

## I. *ANDERS* BRIEF

Washington's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record has concluded that there is no reversible error. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw on Washington, and (3) informed Washington of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. More than an adequate time has passed, and no pro se response has been filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record in this case and find that the appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the

---

[1] This appeal was transferred from the Tenth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Washington's counsel has filed a motion to withdraw as his appellate counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgment to Washington and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
16th day of August, 2012

---

[3] No substitute counsel will be appointed. Should Washington wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.