

# NUMBERS
## 13-13-00514-CR
## 13-13-00515-CR
## 13-13-00516-CR
## 13-13-00517-CR
## 13-13-00518-CR
## 13-13-00519-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ZAVION HALL,                                                    Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

### On appeal from the 117th District Court of
### Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Garza**

On September 3, 2013, appellant Zavion Hall entered an open plea of guilty to six offenses. In appellate cause number 13-13-514-CR, appellant pleaded guilty to credit card abuse, a state-jail felony offense. *See* TEX. PENAL CODE ANN. § 32.31(b), (d) (West, Westlaw through 2013 3d C.S.).[1] In appellate cause number 13-13-515-CR, appellant pleaded guilty to two counts of aggravated robbery with a deadly weapon finding, each a first-degree felony offense. *See id.* § 29.03(a)(2), (b) (West, Westlaw through 2013 3d C.S.). In appellate cause number 13-13-516-CR, appellant pleaded guilty to one count of aggravated robbery with a deadly weapon finding, a first-degree felony offense. *See id.* In appellate cause number 13-13-517-CR, appellant pleaded guilty to burglary of a habitation with intent to commit aggravated robbery, with a deadly weapon finding, a first-degree felony offense. *See id.* § 30.02(a), (d) (West, Westlaw through 2013 3d C.S.). In appellate cause number 13-13-518-CR, appellant pleaded guilty to unauthorized use of a motor vehicle, a state-jail felony offense. *See id.* § 31.07 (West, Westlaw through 2013 3d C.S.). Finally, in appellate cause number 13-13-519-CR, appellant pleaded guilty to evading arrest or detention using a vehicle, a third-degree felony offense. *See id.* (West, Westlaw through 2013 3d C.S.).

The trial court accepted appellant's pleas of guilty and sentenced him as follows:

---

[1] We note that the judgment reflects the date of the credit card abuse offense as "5/7/2013." However, the indictment shows that the offense occurred on or about May 7, 2012. The reporter's record of the plea hearing also reflects that the offense occurred on May 7, 2012. We conclude that the "5/7/2013" date in the judgment is a typographical error. The rules of appellate procedure provide that an appellate court may modify the trial court's judgment and affirm it as modified. TEX. R. APP. P. 43.2(b); *see Banks v. State*, 708 S.W .2d 460, 461 (Tex. Crim. App. 1986) (holding that when an appellate court has the necessary data and evidence before it for modification, the judgment and sentence may be modified on appeal). Accordingly, we modify the judgment to accurately reflect the record.

(1) in cause number 13-13-514-CR, two years in state jail; (2) in cause number 13-13-515-CR, ten years' imprisonment for each count; (3) in cause number 13-13-516-CR, twenty years' imprisonment; (4) in cause number 13-13-517-CR, fifteen years' imprisonment; (5) in cause number 13-13-518-CR, two years in state jail; and (6) in cause number 13-13-519-CR, ten years' imprisonment. In each sentence, appellant was credited with time served, and each sentence was ordered to run concurrently with the other sentences. The trial court certified appellant's right to appeal in each case. *See* TEX. R. APP. P. 25.2. We modify the judgment in cause number 13-13-514-CR and affirm as modified; we affirm the remaining judgments in each case.

## I. *ANDERS* BRIEF

Appellant's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has concluded that there is no reversible error. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court that he has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served copies of the brief and motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). More than an adequate time has passed, and no pro se response has been filed.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.–Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief in each case, and find that the appeals are wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has filed a motion to withdraw as his appellate counsel in each case. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motions to withdraw in each case.

We order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgment in each case to appellant and advise him of his right to file petitions for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*,

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for

4

252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).


Delivered and filed the
19th day of June, 2014.

---

discretionary review or file a pro se petition for discretionary review in each case. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4, *see* TEX. R. APP. P. 68.4.