

IN THE
TENTH COURT OF APPEALS

No. 10-14-00320-CR

CAROL JEAN STANLEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2012-1589-C1

MEMORANDUM  OPINION

Appellant Carol Jean Stanley pleaded guilty pursuant to a plea agreement to two counts of possession of a controlled substance.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010).  The trial court assessed Stanley's punishment in part at eighteen months' confinement in a state-jail facility but then suspended the confinement and placed her on community supervision for three years.  The State subsequently filed a motion to revoke Stanley's community supervision, alleging that she violated the terms and conditions of her community supervision.  Stanley pled "true" to allegations 10-12,

14, and 16-17 and "not true" to allegations 1-9, 13, and 15. The trial court found that Stanley did violate her conditions of community supervision by committing all seventeen of the alleged violations. Accordingly, the trial court revoked Stanley's community supervision and sentenced her to eighteen months' confinement in a state-jail facility.

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), Stanley's court-appointed appellate counsel filed a brief and motion to withdraw, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Stanley's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Stanley; and (3) informed Stanley of her right to review the record and to file a pro se response.[1] *See*

[1] The Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case

*Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response.[2] *See Schulman*, 252 S.W.3d at 409.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, the judgments of the trial court are affirmed.

In accordance with *Anders*, Stanley's attorney has asked this Court for permission to withdraw as counsel for Stanley. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *see also Schulman*, 252 S.W.3d at 408 n.17 (quoting *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the

---

presents any meritorious issues.'" *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] In accordance with the Court of Criminal Appeals' opinion in *Kelly v. State*, counsel prepared and sent to Stanley an Appellant's Motion for Access to Appellate Record. *See Kelly v. State*, 436 S.W.3d 313, 315 & 320 (Tex. Crim. App. 2014). Stanley signed the motion for access and sent it to this Court. We ordered counsel to obtain and send Stanley copies of the clerk's and reporter's records and to simultaneously notify this Court, the State, the trial court, and the trial court clerk when counsel had completed the task. We thereafter received a notice from Stanley's appellate counsel that he mailed, by certified mail return receipt requested, to Stanley a copy of the clerk's and reporter's records on May 16, 2015.

appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.")). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Stanley and to advise her of her right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 6, 2015
Do not publish
[CR25]



---

[3] No substitute counsel will be appointed. Should Stanley wish to seek further review of this case by the Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or from the date the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also Schulman*, 252 S.W.3d at 409 n.22.