

# NUMBER 13-15-00258-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

WAYMOND ANDERSON A/K/A
WAYMON ANDERSON A/K/A
WAYMON DWANN ANDERSON,                                            Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Chief Justice Valdez

Appellant, Waymond Anderson a/k/a Waymon Anderson a/k/a Waymon Dwann Anderson, pleaded guilty to theft, a state jail felony, in 2009. *See* TEX. PENAL CODE ANN. § 31.03 (West, Westlaw through 2015 R.S.). The trial court deferred adjudication and placed Anderson on community supervision. In 2015, the State filed a motion to revoke Anderson's community supervision based on several allegations that Anderson had

violated various conditions. Anderson pleaded "true" to the State's allegations that he violated the conditions by testing positive for marihuana. A hearing was held, and the trial court found that all of the State's allegations were true.[1] This appeal followed. Anderson's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Anderson's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Anderson's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Anderson's counsel has also informed this Court that Anderson has been (1) notified that counsel has filed an *Anders* brief and a

---

[1] The State alleged that Anderson had: (1) tested positive for marihuana on two occasions; (2) admitted to his community supervision officer ("CSO") that he had used marihuana on two other occasions; (3) failed to report to his CSO for the months of May, July, October, November, and December of 2014 and for January of 2015; (4) failed to attend, participate, pay for, and complete in a satisfactory manner the Felony Impact Panel, the Theft Rehabilitation Program, and the Money Management Program; and (5) failed to pay restitution in the amount of $2433.

motion to withdraw; (2) provided with copies of both pleadings; (3) informed of his rights to file a pro se response, review the record preparatory to filing that response, and seek discretionary review if we concluded that the appeal is frivolous; and (4) provided with a form motion for pro se access to the appellate record with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Anderson has not filed a motion seeking pro se access to the appellate record, a motion for extension of time to do so, or a pro se response.[2]

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, Anderson's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re*

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

*Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on November 19, 2015. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Anderson and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
21st day of April, 2016.

---

[3] No substitute counsel will be appointed. Should Anderson wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.