

# NUMBER 13-17-00199-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVID ESTRADA, A/K/A
DAVID ESTRADA JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 117th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION
### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

This is an appeal from a judgment adjudicating guilt and revoking an order of community supervision. In 2014, a Nueces County grand jury indicted then 20-year-old appellant David Estrada a/k/a David Estrada, Jr. with aggravated robbery, a first-degree felony, related to allegations that Estrada robbed a Stripes convenience store in Corpus

Christi of $40 and a pack of chewing gum by threatening the store clerk with a hatchet. *See* TEX. PENAL CODE ANN. § 29.03 (West, Westlaw through 2017 1st C.S.). Estrada subsequently pleaded guilty as charged. The trial court received Estrada's plea of guilty, deferred adjudication, and placed him on community supervision for a term of eight years. Additionally, the trial court imposed several conditions and terms to Estrada's probation.

In February 2016, the State filed its first motion to revoke Estrada's community supervision. In its motion, the State alleged that Estrada committed numerous violations of his community supervision, including: failure to report as required, failure to pay various fees, and failure to attend a treatment alternative to incarceration program (TAIP). After considering the State's motion, the trial court continued Estrada's community supervision and ordered that he be placed in an intermediate sanction facility.

Ten months later, the State filed its second motion to revoke Estrada's community supervision. In its motion, the State alleged that Estrada violated various terms and conditions of his community supervision, including *inter alia*: testing positive for marijuana; admitting to smoking marijuana to his community supervision officer; and failing to complete his required community supervision hours. Two months later, the State filed an amended motion to revoke, alleging that in addition to the violations alleged in the second motion to revoke, Estrada had also committed the offenses of aggravated sexual assault, *see id.* § 22.021 (West, Westlaw through 2017 1st C.S.); and aggravated kidnapping. *See id.* § 20.04 (West, Westlaw through 2017 1st C.S.).[1]

---

[1] The State alleged that Estrada committed a third offense, engaging in organized criminal activity. *See* TEX. PENAL CODE ANN. § 71.02 (West, Westlaw through 2017 1st C.S.). However, the State abandoned this allegation at the time of Estrada's revocation hearing.

The trial court held a hearing on the State's amended motion to revoke, where Estrada pleaded "not true" to all of the State's allegations. At the hearing, the State received evidence from Estrada's community supervision officer, who testified that Estrada committed all of the violations alleged, including testing positive for marijuana use and admitting to marijuana use. Furthermore, the trial court received evidence from Brandon Earhart, an acquaintance of Estrada, who testified about the allegations that Estrada had committed the offenses of aggravated sexual assault and aggravated kidnapping. Earhart testified that Estrada and others bound him and his girlfriend at a home in Corpus Christi, after accusing Earhart and his girlfriend of stealing their "dope." Earhart further testified that later during the ordeal, he was threatened with a pistol to watch Estrada force Earhart's girlfriend to perform oral sex on Estrada. Earhart stated that he eventually escaped captivity and later called police to report the incident. At the hearing, Earhart positively identified Estrada as well as photographs admitting into evidence of Estrada's home, where the incident took place. At the close of the revocation hearing, the State requested that the trial court revoke Estrada's community supervision and sentence him to sixty years' imprisonment. Estrada's defense attorney argued mitigating circumstances and prayed for a ten-year sentence. The trial court found all of the State's allegations true, and sentenced Estrada to thirty-five years' imprisonment with the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

Estrada's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

# I.  *ANDERS* BRIEF

Pursuant to *Anders v. California*, Estrada's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.  *See id.*  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State* and *Kelly v. State*, Estrada's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.  *See High*, 573 S.W.2d at 813; *Kelly*, 436 S.W.3d at 319–22.  Estrada's appellate counsel also notified this Court that he: (1) notified Estrada that he has filed an *Anders* brief and a motion to withdraw; (2) provided Estrada with copies of both pleadings; (3) informed Estrada of his rights to file a pro se response, review the record preparatory to filing that response,[2] and seek discretionary review if we concluded that the appeal is frivolous; (4) provided Estrada with a pro se motion for access to the appellate record; and

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.).

(5) informed Estrada that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

On June 21, 2017, pursuant to a pro se motion filed by Estrada, this Court ordered that the trial court ensure that Estrada is given the opportunity to fully examine the appellate record. The trial court and the trial court clerk later provided this Court with written documentation of its compliance with our order.

On September 29, 2017, Estrada filed a one-page, handwritten pro se response with this Court. In the response, Estrada argues that his sentence of thirty-five years' imprisonment was excessive in light of the new sentences he received in his subsequent convictions of aggravated kidnapping and aggravated assault. Specifically, Estrada requests that his sentence be reduced to between eight and twenty years.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824,

5

826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record, counsel's brief, and Estrada's pro se response. We have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

### III.  MOTION TO WITHDRAW

In accordance with *Anders*, Estrada's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Estrada and advise him of his right to file a petition for

6

discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.    CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
16th day of November, 2017.

---

[3] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4.  *See* TEX. R. APP. P. 68.4.